ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 12, 2014

Tim F. Branaman, Ph.D.
Chair, Texas State Board of Examiners
  of Psychologists
333 Guadalupe, Suite 2-450
Austin, Texas 78701

Opinion No. GA-1088

Re: Whether mental health records placed in the custody of the State Board of Examiners of Psychologists by a court order are state records under chapter 441 of the Government Code (RQ-1201-GA)

Dear Dr. Branaman:

You ask two questions regarding records placed in the custody of the State Board of Examiners of Psychologists ("Board") by a court order.[1] Specifically, you inquire:

> 1. Whether mental health records placed in the custody of the Board by a District Court, following a civil action brought by the Attorney General-Consumer Protection Division against a licensed psychologist, constitute *state records*, as that term applies to the Board under [chapter] 441 of the Texas [Government] Code.
>
> 2. If the mental health records placed in the Board's custody do not constitute state records, can the Board legally destroy those records?

Request Letter at 1. You tell us that the records are business records of a licensed psychologist who had been sued by the Consumer Protection Division of the Office of the Attorney General. *See id.* Pursuant to an agreed judgment in the suit, the 430th District Court of Hidalgo County ordered twenty-three boxes of the licensee's records then in the custody of the Office of the Attorney General to be transferred to the Board. *Id.*[2] You note that the records of multiple patients are commingled with one another and are in a state of disarray. *Id.* You also tell us that

---

[1] *See* Letter from Tim F. Branaman, Ph.D., Chair, Tex. State Bd. of Exam'rs of Psychologists, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (May 20, 2014), https://www.texasattorneygeneral.gov/opin ("Request Letter").

[2] You do not indicate whether the Board has consulted with the District Court regarding the destruction of these records. *See* Request Letter at 1–3.

some of the records contain no information that would allow for the identification of the patient to whom they pertain and that locating each patient who is identifiable is beyond the resources of the Board. *See id.* You are concerned that "any attempt to return the records to patients without having sorted and organized [them] will lead to a breach of confidentiality, the very problem the underlying civil action sought to redress." *Id.*

Subchapter L of chapter 441 of the Government Code provides for the preservation and management of state records. *See* TEX. GOV'T CODE ANN. §§ 441.180–.205 (West 2012). Relevant here, subsection 441.180(11) of the Government Code defines "state record" to mean "any written, photographic, machine-readable, or other recorded information created or received by or on behalf of a state agency or an elected state official that documents activities in the conduct of state business or use of public resources." *Id.* § 441.180(11). The records that you describe involve written recorded information. *See* Request Letter at 1. And you tell us that they were received by the Board, a state agency. *See id.* Thus, the dispositive issue is whether these records "document[] activities in the conduct of state business or use of public resources." TEX. GOV'T CODE ANN. § 441.180(11) (West 2012). You indicate that the records "consist of personal identifying information, notes from therapy sessions, [and] psychological testing records." Request Letter at 1. Such activities are those of a private, licensed psychologist. While the Board licenses and regulates psychologists, its conduct of state business and use of public funds does not involve activities directly involving the care of psychological patients. And even considering the broader conduct of state business to protect a person's confidential information under chapter 521 of the Business and Commerce Code, these records by themselves cannot be said to document the state's activities in seeking that protection. Nor do they document the state's use of public resources. Accordingly, a court would likely conclude that these are not state records under chapter 441.

Given that these records are likely not state records, the destruction limitations in chapter 441 do not apply. *See* TEX. GOV'T CODE ANN. § 441.187(a) (West 2012). Accordingly, chapter 441 does not prohibit the destruction of these records. You do not directly point to, and we are unaware of, another statutory provision imposing a document retention requirement with respect to these records.[3] Absent any statutory requirement to retain these records, the Board may destroy them. Because of the confidential and sensitive nature of the information contained in the records, any destruction of the records should fully protect the identity and privacy of the patients who are the subject of the records. *See generally* TEX. BUS. & COM. CODE ANN. § 521.052(b) (West 2009) (authorizing shredding, erasing, or "modifying the sensitive personal information" to make it "unreadable or indecipherable through any means").

---

[3]You suggest that provisions in the Occupations Code, the Health and Safety Code, the Business and Commerce Code, or the federal HIPAA provisions may apply, but we find no applicable document retention requirement in those provisions. *See* Request Letter at 2–3.

## S U M M A R Y

Mental health records of patients of a psychologist placed in the custody of the State Board of Examiners of Psychologists by a court order are likely not state records under chapter 441 of the Government Code. Accordingly, chapter 441 does not limit or prohibit the records' destruction. The Board may destroy the records in a manner that fully protects the identity and privacy of the patients who are the subject of the records.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee